IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:16-CV-00542

| | |
|---|---|
| JAMES WEAVER GAREY, WILLIAM PARKER GAREY, AARON KENT CRUTHIS, AMANDA DAVIS REILLY, ADILAH HANEEFAH-KHADI MCNEIL, CHARLOTTE MOFFAT CLEVENGER, ANDREW CHRISTOPHER CLEVENGER, and JUSTIN BRENT BLAKESLEE on behalf of themselves and others similarly situated, | |
| Plaintiffs, | |
| v. | **ANSWERING DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| JAMES S. FARRIN, P.C., d/b/a/ LAW OFFICES OF JAMES SCOTT FARRIN; JAMES S. FARRIN; MARCARI, RUSSOTTO, SPENCER & BALANBAN, P.C.; DONALD W. MARCARI; RIDDLE & BRANTLEY, L.L.P.; SEAN A. COLE;WALLACE PIERCE LAW, PLLC; JARED PIERCE; VAN LANINGHAM & ASSOCIATES, PLLC d/b/a BRADLEY LAW GROUP; R. BRADLEY VAN LANINGHAM; LANIER LAW GROUP, P.A.; LISA LANIER; CRUMLEY ROBERTS, LLP; CHRIS ROBERTS; HARDISON & COCHRAN, PLLC; BENJAMIN T. COCHRAN; TED A. GREVE & ASSOCIATES, P.A.; TED A. GREVE; LAW OFFICES OF MICHAEL A. DEMAYO, L.L.P.; MICHAEL A. DEMAYO; HARDEE & HARDEE, LLP; CHARLES HARDEE; AND G. WAYNE HARDEE, | |
| Defendants. | |

Defendants James S. Farrin, P.C., d/b/a Law Offices of James Scott Farrin, Marcari, Russotto, Spencer & Balaban, P.C., Riddle & Brantley, LLP, Wallace Pierce Law, PLLC, Van Laningham & Associates, PLLC, Lanier Law Group, P.A., Crumley Roberts, LLP, and Hardee & Hardee, LLP (the "Firm Defendants"), along with James S. Farrin, Donald W. Marcari, Sean A. Cole, Jared Pierce, R. Bradley Van Laningham, Lisa Lanier, Chris Roberts, Charles Hardee, and G. Wayne Hardee (the "Individual Defendants," together with the Firm Defendants, the "Answering Defendants") respond to Plaintiff's First Amended Complaint and the specific allegations as follows. Allegations not expressly admitted are denied.

The Complaint opens with a "Summary of the Action" that does not set out factual allegations or claims in numbered paragraphs pursuant to Rule 10 of the Federal Rules of Civil Procedure, thus no response is required. To the extent the content of this opening section requires any response, denied.

1.      Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and if a response is deemed required the same are denied.

2.      Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and if a response is deemed required the same are denied.

2

3. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and if a response is deemed required the same are denied.

4. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and if a response is deemed required the same are denied.

5. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and if a response is deemed required the same are denied.

6. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and if a response is deemed required the same are denied.

7. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and if a response is deemed required the same are denied.

8. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and if a response is deemed required the same are denied.

9. Defendant James S. Farrin, P.C. ("Farrin Firm") admits the allegations of paragraph 9, except that as to sentence three, the Farrin Firm states that it does business

3

under the name "Law Offices of James Scott Farrin," but denies any remaining allegations of that sentence.

10. Admitted that Individual Defendant James S. Farrin is an attorney who practices law within the Middle District of North Carolina, and is president of the Farrin Firm. Denied that the address alleged is that of Individual Defendant Farrin. Denied that Individual Defendant Farrin "markets" or otherwise promotes his legal services independent of, or separate from, the Farrin Firm. To the extent that the allegation that "Defendant Farrin signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Farrin personally signed each letter or sent it in his individual capacity, denied. Except as expressly admitted, denied.

11. Defendant Marcari, Russotto, Spencer & Balaban, P.C. ("Marcari Firm") admits the allegations of paragraph 11.

12. Admitted that Individual Defendant Donald W. Marcari is an attorney who practices law within the Middle District of North Carolina, and is president of the Marcari Firm. Denied that the address alleged is that of Individual Defendant Marcari. Denied that Individual Defendant Marcari "markets" or otherwise promotes his legal services independent of, or separate from, the Marcari Firm. To the extent that the allegation that "Defendant Marcari signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Marcari personally signed each letter or sent it in his individual capacity, denied. Except as expressly admitted, denied.

4

13. Defendant Riddle & Brantley, LLP ("Riddle Firm") admits the allegations of paragraph 13.

14. Admitted that Individual Defendant Sean A. Cole is an attorney who practices law within the Middle District of North Carolina. Denied that the address alleged is that of Individual Defendant Cole. Denied that Individual Defendant Cole "markets" or otherwise promotes his legal services independent of, or separate from, the Riddle Firm. To the extent that the allegation that "Defendant Cole signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Cole personally signed each letter or sent it in his individual capacity, denied. Except as expressly admitted, denied.

15. Defendant Wallace Pierce Law, PLLC ("Wallace Pierce Firm") admits the allegations of paragraph 15.

16. Admitted that Individual Defendant Jared Pierce is an attorney who practices law within the Middle District of North Carolina. Denied that the address alleged is that of Individual Defendant Pierce. Denied that Individual Defendant Pierce "markets" or otherwise promotes his legal services independent of, or separate from, the Wallace Pierce Firm. To the extent that the allegation that "Defendant Pierce signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Pierce personally signed each letter or sent it in his individual capacity, denied. Except as expressly admitted, denied.

5

17. Defendant Van Laningham & Associates, PLLC ("Van Laningham Firm") admits the allegations of paragraph 17.

18. Admitted that Individual Defendant R. Bradley Van Laningham is an attorney who practices law within the Middle District of North Carolina. Denied that the address alleged is that of Individual Defendant Van Laningham. Denied that Individual Defendant Van Laningham "markets" or otherwise promotes his legal services independent of, or separate from, the Van Laningham Firm. To the extent that the allegation that "Defendant Van Laningham signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Van Laningham personally signed each letter or sent it in his individual capacity, denied. Except as expressly admitted, denied.

19. Defendant Lanier Law Group, P.A. ("Lanier Firm") admits the allegations of paragraph 19, except for the allegation that it has one location of its firm that is a principal place of business.

20. Admitted that Individual Defendant Lisa Lanier is an attorney who practices law within the Middle District of North Carolina. Denied that the address alleged is that of Individual Defendant Lanier. Denied that Individual Defendant Lanier "markets" or otherwise promotes her legal services independent of, or separate from, the Lanier Firm. To the extent that the allegation that "Defendant Lanier signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Lanier personally signed each letter or sent it in her individual capacity, denied. Except as expressly admitted, denied.

21.     Defendant Crumley Roberts, LLP ("Crumley Firm") admits the allegations of paragraph 21.

22.     Admitted that Individual Defendant Chris Roberts is an attorney who practices law within the Middle District of North Carolina, but denied that he is a partner in the Crumley Firm. Denied that the address alleged is that of Individual Defendant Roberts. Denied that Individual Defendant Roberts "markets" or otherwise promotes his legal services independent of, or separate from, the Crumley Firm. To the extent that the allegation that "Defendant Roberts signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Roberts personally signed each letter or sent it in his individual capacity, denied. Except as expressly admitted, denied.

23.     The allegations of paragraph 23 are directed at parties other than the Answering Defendants, and therefore no response is required. To the extent a response is deemed required, denied.

24.     The allegations of paragraph 24 are directed at parties other than the Answering Defendants, and therefore no response is required. To the extent a response is deemed required, denied.

25.     The allegations of paragraph 25 are directed at parties other than the Answering Defendants, and therefore no response is required. To the extent a response is deemed required, denied.

26.     The allegations of paragraph 26 are directed at parties other than the Answering Defendants, and therefore no response is required. To the extent a response is deemed required, denied.

27.     The allegations of paragraph 27 are directed at parties other than the Answering Defendants, and therefore no response is required. To the extent a response is deemed required, denied.

28.     The allegations of paragraph 28 are directed at parties other than the Answering Defendants, and therefore no response is required. To the extent a response is deemed required, denied.

29.     Defendant Hardee & Hardee, LLP ("Hardee Firm") denies that it "regularly" markets its services in the Middle District of North Carolina. Except as denied, the Hardee Firm admits the allegations of paragraph 29.

30.     Admitted that Individual Defendant Charles Hardee is an attorney who practices law within the Middle District of North Carolina, but denied that he is a partner in the Hardee Firm. Denied that the address alleged is that of Individual Defendant Charles Hardee. Denied that Individual Defendant Charles Hardee "markets" or otherwise promotes his legal services independent of, or separate from, the Hardee Firm.

31.     Admitted that Individual Defendant G. Wayne Hardee is an attorney who practices law within the Middle District of North Carolina, but denied that he is a partner in the Hardee Firm. Denied that the address alleged is that of Individual Defendant Wayne Hardee. Denied that Individual Defendant Wayne Hardee "markets" or otherwise

8

promotes his legal services independent of, or separate from, the Hardee Firm. To the extent that the allegation that "Defendant Wayne Hardee signed a letter enclosed with each mailing" is alleged to mean that Individual Defendant Wayne Hardee personally signed each letter or sent it in his individual capacity, denied. Except as expressly admitted, denied.

## JURISDICTION AND VENUE

32. Denied that the allegations of the Amended Complaint give rise to any claim under the DPPA. The determination of subject matter jurisdiction is a legal conclusion to which no response is required. To the extent a response is required, denied.

33. Admitted.

## ALLEGED FACTS

### Drivers' Licenses, Registrations and Departments of Motor Vehicles

34. The allegations of paragraph 34 call for a legal conclusion to which no response is required. To the extent a response is required, denied.

35. The allegations of paragraph 35 call for a legal conclusion to which no response is required. To the extent a response is required, denied.

36. The allegations of paragraph 36 call for a legal conclusion to which no response is required. To the extent a response is required, denied.

37. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and if a response is deemed required the same are denied.

9

38. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and if a response is deemed required the same are denied.

39. Paragraph 39 raises no allegations, but instead provides reference to how Plaintiffs use or refer to certain terms in the Amended Complaint, and therefore no response is required. To the extent a response is deemed required, denied.

40. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and if a response is deemed required the same are denied.

### The DMV-349 Accident Report

41. Answering Defendants admit that local Law Enforcement Agencies ("LEAs") in North Carolina have investigative responsibilities for reportable accidents pursuant to N.C. Gen. Stat. § 20-166.1.

42. Admitted.

43. Admitted.

44. Admitted that N.C. Gen. Stat. § 20-4.01(33b) is a definitional section of the statute that defines "reportable crash." Further admitted that N.C. Gen. Stat. § 20-166.1(h) specifies that the Division of Motor Vehicles is required to provide forms on which information related to reportable crashes are to be included.

45. The allegations of paragraph 45 call for a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

10

46. Answering Defendants admit that the North Carolina Department of Transportation issues an Instruction Manual for the DMV-349, but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 without citation to provisions from which Plaintiffs purport to draw the information contained in the allegations. To the extent a response is deemed required, denied.

47. Answering Defendants admit that the North Carolina Department of Transportation issues an Instruction Manual for the DMV-349, but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 without citation to provisions from which Plaintiffs purport to draw the information contained in the allegations. To the extent a response is deemed required, denied.

48. Upon information and belief, the Manual is a public document.

**Alleged facts related to the Accidents**

49. Based on a DMV-349 related to the Garey Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief that a William Parker Garey was involved in a motor vehicle accident on May 4, 2016. The remaining allegations of Paragraph 49 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

50. Based on a DMV-349 related to the Cruthis Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief

11

that Aaron Kent Cruthis was involved in a motor vehicle accident on April 30, 2016. The remaining allegations of Paragraph 50 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

51. Based on a DMV-349 related to the Reilly Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief that Amanda Davis Reilly was involved in a motor vehicle accident on July 10, 2015. The remaining allegations of Paragraph 51 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

52. Based on a DMV-349 related to the McNeil Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief that Adilah Haneefah-Khadi McNeil was involved in a motor vehicle accident on July 1, 2016. The remaining allegations of Paragraph 52 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

53. Based on a DMV-349 related to the Clevenger Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief that Charlotte Moffat Clevenger was involved in a motor vehicle accident on August 9, 2016. The remaining allegations of Paragraph 53 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

54. Based on a DMV-349 related to the Blakeslee Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief that Justin Brent Blakeslee was involved in a motor vehicle accident on June 20,

12

2016. The remaining allegations of Paragraph 53 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

55. Paragraph 55 raises no allegations, but instead provides reference to how Plaintiffs use or refer to certain terms in the Amended Complaint, and therefore no response is required. To the extent a response is deemed required, denied.

56. Based on a DMV-349 related to the Garey Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief.

57. Based on a DMV-349 related to the Clevenger Accident made available to the public by the involved LEA, Answering Defendants admit upon information and belief.

58. Admitted, upon information and belief.

59. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and if a response is deemed required the same are denied.

60. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and if a response is deemed required the same are denied.

61. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and if a response is deemed required the same are denied.

13

62. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and if a response is deemed required the same are denied.

63. Upon information and belief, admitted.

### Alleged facts related to obtaining and using personal information from motor vehicle records

64. It is admitted that the Firm Defendants identified in paragraph 64 obtained either a copy of the publicly available DMV-349 for the Garey Accident, or information that was contained in that public document. It is denied that the Individual Defendants referenced in paragraph 64 obtained either a copy of the publicly available DMV-349 for the Garey Accident, or information that was contained in the DMV-349 report. The allegations directed to other firm and individual defendants require no response from the Answering Defendants. The Firm Defendants identified in paragraph 64 admit that the DMV-349 contains information on vehicular accidents that the State of North Carolina requires to be gathered and subsequently released to the public. Except as expressly admitted, denied.

65. It is admitted that the Firm Defendants identified in paragraph 65 obtained either a copy of the publicly available DMV-349 for the Cruthis Accident, or information that was contained in that public document. It is denied that the Individual Defendants referenced in paragraph 65 obtained either a copy of the publicly available DMV-349 for the Garey Accident, or information that was contained in the DMV-349 report. The allegations directed to other firm and individual defendants require no response from the

14

Answering Defendants. The Firm Defendants identified in paragraph 65 admit that the DMV-349 contains information on vehicular accidents that the State of North Carolina requires to be gathered and subsequently released to the public. Except as expressly admitted, denied.

66. The allegations of paragraph 66 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

67. It is admitted that the Firm Defendants identified in paragraph 67 obtained either a copy of the publicly available DMV-349 for the McNeil Accident, or information that was contained in that public document. It is denied that the Individual Defendants referenced in paragraph 67 obtained either a copy of the publicly available DMV-349 for the McNeil Accident, or information that was contained in the DMV-349 report. The allegations directed to other firm and individual defendants require no response from the Answering Defendants. The Firm Defendants identified in paragraph 67 admit that the DMV-349 contains information on vehicular accidents that the State of North Carolina requires to be gathered and subsequently released to the public. Except as expressly admitted, denied.

68. It is admitted that the Firm Defendants identified in paragraph 68 obtained either a copy of the publicly available DMV-349 for the Clevenger Accident, or information that was contained in that public document. It is denied that the Individual Defendants referenced in paragraph 68 obtained either a copy of the publicly available

DMV-349 for the Clevenger Accident, or information that was contained in the DMV-349 report. The allegations directed to other firm and individual defendants require no response from the Answering Defendants. The Firm Defendants identified in paragraph 68 admit that the DMV-349 contains information on vehicular accidents that the State of North Carolina requires to be gathered and subsequently released to the public. Except as expressly admitted, denied.

69.     It is admitted that the Firm Defendants identified in paragraph 69 obtained either a copy of the publicly available DMV-349 for the Blakeslee Accident, or information that was contained in that public document. It is denied that the Individual Defendants referenced in paragraph 69 obtained either a copy of the publicly available DMV-349 for the Blakeslee Accident, or information that was contained in the DMV-349 report. The allegations directed to other firm and individual defendants require no response from the Answering Defendants. The Firm Defendants identified in paragraph 69 admit that the DMV-349 contains information on vehicular accidents that the State of North Carolina requires to be gathered and subsequently released to the public. Except as expressly admitted, denied.

70.     It is denied that the Individual Defendants obtained the DMV-349s referenced, or any information contained in them. It is admitted that the Firm Defendants obtained publicly available DMV-349s or information contained in those public documents pursuant to their release by LEAs, and as permitted by federal and state laws, in furtherance of their legal practices. Except as expressly admitted, denied.

16

71.     The allegations of paragraph 71, including each of its subparts, are denied.

72.     Paragraph 72 raises no allegations, but instead provides reference to how Plaintiffs use or refer to certain terms in the Amended Complaint, and therefore no response is required. To the extent a response is deemed required, denied.

73.     The Firm Defendants and Individual Defendants referenced in paragraph 73 deny its allegations. The allegations directed to other firm and individual defendants require no response from the Answering Defendants.

74.     The Firm Defendants and Individual Defendants referenced in paragraph 74 deny its allegations. The allegations directed to other firm and individual defendants require no response from the Answering Defendants.

75.     The allegations of paragraph 75 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

76.     The Firm Defendants and Individual Defendants referenced in paragraph 76 deny its allegations. The allegations directed to other firm and individual defendants require no response from the Answering Defendants.

77.     The Firm Defendants and Individual Defendants referenced in paragraph 77 deny its allegations. The allegations directed to other firm and individual defendants require no response from the Answering Defendants.

78. The Firm Defendants and Individual Defendants referenced in paragraph 78 deny its allegations. The allegations directed to other firm and individual defendants require no response from the Answering Defendants.

79. It is admitted that the Farrin Firm, the Marcari Firm, the Riddle Firm, the Wallace Pierce Firm and the Lanier Firm included in at least some of their mailings a copy of a DMV-349 – made available to the general public by a North Carolina LEA – that related to the accident in which a named Plaintiff was involved. The Van Laningham Firm and the Hardee Firm admit that they did not include copies of DMV-349s in the referenced mailings. It is denied that the Individual Defendants sent, in their individual capacities or separate and apart from the Firm Defendant at which (s)he works, any mailings, to any Plaintiffs. The allegations against the DeMayo Defendants are not directed to the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

80. The Farrin Firm admits that Exhibit 1 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

81. The Marcari Firm admits that Exhibit 2 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

82. The Riddle Firm admits that Exhibit 3 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

83. The Wallace Pierce Firm admits that Exhibit 4 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

18

84. The Van Laningham Firm admits that Exhibit 5 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

85. The Crumley Firm admits that Exhibit 6 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

86. The allegations of paragraph 86 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

87. The Hardee Firm admits that Exhibit 8 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

88. The Lanier Firm admits that Exhibit 9 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

89. The Crumley Firm admits that Exhibit 10 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

90. The allegations of paragraph 90 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

91. The Hardee Firm admits that Exhibit 12 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

92. The allegations of paragraph 92 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

19

93. The Lanier Firm admits that Exhibit 14 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

94. The Farrin Firm admits that Exhibit 15 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

95. The Marcari Firm admits that Exhibit 16 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

96. The Riddle Firm admits that Exhibit 17 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

97. The Van Laningham Firm admits that Exhibit 18 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

98. The Crumley Firm admits that Exhibit 19 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

99. The allegations of paragraph 99 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

100. The Farrin Firm admits that Exhibit 21 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

101. The Marcari Firm admits that Exhibit 22 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

102. The Van Laningham Firm admits that Exhibit 23 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

20

103.    The Crumley Firm admits that Exhibit 24 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

104.    The allegations of paragraph 104 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

105.    The Riddle Firm admits that Exhibit 26 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

106.    The Marcari Firm admits that Exhibit 27 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

107.    The Lanier Firm admits that Exhibit 28 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

108.    The Van Laningham Firm admits that Exhibit 29 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

109.    The Crumley Firm admits that Exhibit 30 appears to be a copy of a mailer sent on its behalf. Except as expressly admitted, denied.

110.    The allegations of paragraph 110 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

111.    The allegations of paragraph 111 are directed at parties other than the Answering Defendants, therefore no response is required. To the extent a response is deemed required, denied.

21

112.    Denied.

**Alleged facts related to alleged continuing violations**

113.    It is admitted that the original complaint in this action was filed and served in June 2016, and that the Firm Defendants referenced in paragraph 113 sent mailings to Plaintiff McNeil in early July 2016. Those Firm Defendants do not have sufficient information or belief to admit or deny that such mailings were sent on July 6 or 7, 2016. It is denied that the Individual Defendants sent such mailings. Except as expressly admitted, denied.

114.    It is admitted that the original complaint in this action was filed and served in June 2016, and that the Firm Defendants referenced in paragraph 114 sent mailings to Plaintiff Clevenger in early August 2016. Those Firm Defendants do not have sufficient information or belief to admit or deny that such mailings were sent on August 10, 2016. It is denied that the Individual Defendants sent such mailings. Except as expressly admitted, denied.

115.    It is admitted that the original complaint in this action was filed and served in June 2016, and that the Firm Defendants referenced in paragraph 115 sent mailings to Plaintiff McNeil in late June 2016. Those Firm Defendants do not have sufficient information or belief to admit or deny that such mailings were sent on June 23, 2016. It is denied that the Individual Defendants sent such mailings. Except as expressly admitted, denied.

22

## Alleged facts related to all defendants.

116. It is admitted that any and all legal advertising conducted by any Firm Defendant complied with all applicable rules of professional responsibility and ethics opinions promulgated, enforced, or authored by the North Carolina State Bar and the North Carolina Supreme Court. It is denied that the Individual Defendants engaged in any advertising activity in their individual capacities or separate and apart from the Firm Defendant at which (s)he works. Except as specifically admitted herein, the remaining allegations contained in Paragraph 116 of the Amended Complaint are denied.

117. The allegations of paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, denied.

118. The allegations of paragraph 118 are legal conclusions to which no response is required. To the extent a response is required, denied.

119. The allegations of paragraph 119 are legal conclusions to which no response is required. To the extent a response is required, denied.

120. It is admitted that Firm Defendants have obtained either publicly available DMV-349s or information contained in them after they are released to the general public by North Carolina LEAs. It is denied that the Individual Defendants engage, in their individual capacities or separate and apart from the Firm Defendant at which (s)he works, in any such activity. Except as expressly admitted, denied.

121. It is admitted that Firm Defendants have obtained either publicly available DMV-349s or information contained in them after they are released to the general public

23

by North Carolina LEAs. It is denied that the Individual Defendants engage, in their individual capacities or separate and apart from the Firm Defendant at which (s)he works, in any such activity. Except as expressly admitted, denied.

122. The Firm Defendants admit that mailings they have sent to individuals to whom they sought to introduce the availability of their professional legal services are similar in their content, and include information about their legal rights arising from the accidents in which they have been involved. It is denied that the Individual Defendants engage, in their individual capacities or separate and apart from the Firm Defendant at which (s)he works, in any such activity. Except as expressly admitted, denied.

123. Denied.

124. The Firm Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 124, therefore they are deemed denied. However, the Firm Defendants specifically deny that they acquired any information, about any Plaintiff, directly from a motor vehicle record as that term is defined in the Driver's Privacy Protection Act. It is denied that the Individual Defendants engage, in their individual capacities or separate and apart from the Firm Defendant at which (s)he works, in any such activity.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

24

## Prior knowledge of the DPPA

129. Denied.

130. Upon information and belief, it is admitted that, in 2011, legislation was proposed in the North Carolina General Assembly that related to whether attorney communication with a person involved in an auto accident should be barred unless "the accident or injury occurred more than 30 days prior to the initiation of the communication." Except as expressly admitted, denied.

131. Denied.

## CLASS ACTION ALLEGATIONS

132. The allegations of paragraph 132 and its subparts are Plaintiffs' definition of a proposed class, to which no response is required. To the extent a response is required, denied. It is specifically denied that a class action is an appropriate vehicle for resolution of the claims alleged in the Amended Complaint.

133. The allegations of paragraph 133 and its subparts are Plaintiffs' definition of a proposed class, to which no response is required. To the extent a response is required, denied. It is specifically denied that a class action is an appropriate vehicle for resolution of the claims alleged in the Amended Complaint.

134. The allegations of paragraph 134 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

135. The allegations of paragraph 135 and its subparts are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

25

136. The allegations of paragraph 136 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

137. The allegations of paragraph 137 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

138. The allegations of paragraph 138 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

**FIRST CLAIM FOR RELIEF:**
**ALLEGED VIOLATION OF THE DRIVER'S PRIVACY PROTECTION ACT**
**(18 U.S.C. § 2721 et seq.)**

139. Answering Defendants' responses to the previous paragraphs are incorporated by reference as if fully set forth herein.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. The allegations of paragraph 148 are legal conclusions and a prayer for injunctive relief, to which no response is required. To the extent a response is deemed required, denied.

26

149. Denied.

150. Denied.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted. This defense is based on several independent grounds, including but not limited to, that the information allegedly obtained, used, or disclosed is not "personal information" under the DPPA; that the accident reports are not a "motor vehicle record"; that no personal information was obtained "from a motor vehicle record"; that the alleged information was not obtained, used, or disclosed for an impermissible purpose; that none of the Answering Defendants had the state of mind required by the statute before liability may be imposed; that the DPPA was not intended to reach conduct like that alleged in the complaint; that the Plaintiffs and their alleged injuries do not fall within the zone of interests of the statute; that certain state laws relating to public records and law enforcement functions are expressly incorporated into and not inconsistent with the structure of the DPPA; and that the DPPA expressly allows disclosure for use in connection with matters of motor vehicle or driver safety.

## SECOND DEFENSE

Plaintiffs and the putative class lack standing to bring the claim alleged. This defense is based on several independent grounds, including but not limited to, that the Plaintiffs did not suffer a cognizable injury-in-fact; that Plaintiffs did not suffer an injury that has been made actionable by Congress; that Plaintiffs' alleged injuries are not fairly

27

traceable to the conduct of the Answering Defendants because any alleged personal information had already been made public by the LEAs; and that Plaintiffs' injuries are not redressable by this Court because any alleged personal information had already been made public by the LEAs.

## THIRD DEFENSE

The claims of Plaintiffs and the putative class are barred because imposing liability on these Defendants violates the First Amendment of the United States Constitution. This defense is based on several independent grounds, including but not limited to, that the DPPA should not be construed so as to create a constitutional question; that interpreting the DPPA to impose liability on the Answering Defendants would not directly advance a substantial government interest; that the Answering Defendants engaged in protected speech; and that the Answering Defendants cannot be held liable for allegedly obtaining, using, and disclosing information that had already been made publicly available by the LEAs.

## FOURTH DEFENSE

The claims of Plaintiffs and the putative class are barred because the Answering Defendants did not knowingly obtain, disclose, or use protected personal information as defined in the DPPA.

## FIFTH DEFENSE

The claims of Plaintiffs and the putative class are barred because there can be no liability for obtaining, using, or disclosing information contained in public records.

28

## SIXTH DEFENSE

The claims of Plaintiffs and the putative class are barred because Answering Defendants cannot be held liable for the obtaining, use, or disclosure of information previously publicly disclosed by a third party.

## SEVENTH DEFENSE

The claims of Plaintiffs and the putative class are barred to the extent Plaintiffs have failed to join necessary parties, including any LEAs, aggregators, or other entities who prepared any accident reports referenced in the complaint or transferred any such accident reports to Answering Defendants.

## EIGHTH DEFENSE

To the extent the DPPA does not unambiguously exonerate the Answering Defendants, it is ambiguous, and should be read so as not to impose liability on the Answering Defendants under the rule of lenity.

## NINTH DEFENSE

Certain claims of Plaintiffs and the putative class may be barred by the statute of limitations.

## TENTH DEFENSE

The claims of Plaintiffs and the putative class are barred because they voluntarily disclosed their own information at the scenes of the accidents.

29

## ELEVENTH DEFENSE

The claims of Plaintiffs and the putative class are barred because the Answering Defendants did not cause them any injury.

## TWELFTH DEFENSE

The claims of Plaintiffs and the putative class made against the Individual Defendants are barred because those defendants did not commit any tort and cannot be held vicariously liable for any action of the Firm Defendants.

## THIRTEENTH DEFENSE

The claims of Plaintiffs and the putative class made against the Answering Defendants are barred because any alleged communication by Answering Defendants merely contained a fair report or summary concerning official records that had already been made public, which is a privileged act as a matter of law.

## FOURTEENTH DEFENSE

The claims of Plaintiffs and the putative class are barred because they cannot show actual damages.

## FIFTEENTH DEFENSE

The claims of Plaintiffs and the putative class for attorneys' fees and other litigation costs should be denied because the Answering Defendants are not liable.

30

## SIXTEENTH DEFENSE

The claims of Plaintiffs and the putative class for permanent injunctive relief are barred because these Plaintiffs and the putative class cannot show a likelihood of irreparable harm or meet the other legal requirements for such relief.

## SEVENTEENTH DEFENSE

The claims of Plaintiffs and the putative class for interest should be denied because there is no basis for the recovery of interest in this case.

## EIGHTEENTH DEFENSE

The claims of Plaintiffs and the putative class for liquidated damages should be denied because Plaintiffs cannot show actual damages.

## NINETEENTH DEFENSE

The claims of Plaintiffs and the putative class for liquidated damages "for each instance" should be denied because the DPPA does not support such an award.

## TWENTIETH DEFENSE

The claims of Plaintiffs and the putative class are barred—by lack of cognizable injury or harm, by waiver, and by estoppel—to the extent any such person benefitted from the receipt of information regarding their right to legal services as alleged in the complaint, including but not limited to any person who retained any of the Firm Defendants to represent them in connection with their accident.

31

## TWENTY-FIRST DEFENSE

The claims of Plaintiffs and the putative class for damages should be denied to the extent such an award would deny the Answering Defendants their property without due process of law under the Fifth and Fourteenth Amendments, as being grossly excessive or wholly disproportionate to the offense and obviously unreasonable, and Answering Defendants would not have been given fair notice of the consequences of their conduct. Imposing Plaintiffs' requested relief would also violate the prohibition against Bills of Attainder and Ex Post Facto clauses of Article 1, Section 9, Clause 3 and the Fifth and Fourteenth Amendments by imposing a retroactive standard governing liability for the amount of the penalty, and be an unconstitutionally unlawful selective application of damages against Answering Defendants.

## TWENTY-SECOND DEFENSE

This case should not be certified as a class action as purported in the complaint. The complaint's class action allegations do not identify a class appropriate under Rule 23(a). Furthermore, Plaintiff's class definition is vague and, in some cases, contradictory; however, based upon any definition in the complaint, the purported class fails and individual issues of fact and law predominate over class issues.

## TWENTY-THIRD DEFENSE

All of the Answering Defendants' foregoing affirmative defenses may apply to Plaintiffs and to all or a substantial number of the purported class members alleged by Plaintiffs.

32

## Response to Prayer for Relief

To the extent any factual allegations are contained in Plaintiffs' prayer for relief, those allegations are denied. All allegations in Plaintiffs' complaint are denied except as expressly admitted in this Answer.

WHEREFORE, Answering Defendants pray the Court:

A.     Dismiss this action with prejudice;

B.     Deny certification of any class;

C.     Deny any monetary or injunctive relief to Plaintiffs or the putative class;

D.     Tax the costs of this action against Plaintiffs;

E.     Award attorneys' fees to Answering Defendants as permitted by law;

F.     Try all issues of fact to a jury; and

G.     Award such other relief to Answering Defendants as the Court deems just and proper.

33

This the 13th day of October, 2017.

| | |
|---|---|
| /s/ Bradley M. Risinger<br>Bradley M. Risinger<br>N.C. State Bar No. 23629<br>brad.risinger@smithmoorelaw.com<br>Matthew Nis Leerberg<br>N.C. State Bar No. 35406<br>matt.leerberg@smithmoorelaw.com<br><br>SMITH MOORE LEATHERWOOD LLP<br>434 Fayetteville Street, Suite 2800 (27601)<br>Post Office Box 27525<br>Raleigh, North Carolina 27611<br>Telephone: (919) 755-8700<br>Facsimile: (919) 755-8800 | /s/ C. Amanda Martin<br>C. Amanda Martin<br>N. C. State Bar No. 21186<br>amartin@smvt.com<br><br>STEVENS MARTIN VAUGHN &<br>TADYCH, PLLC<br>Historic Pilot Mill<br>1101 Haynes St., Building C, Suite 100<br>Raleigh, North Carolina 27604<br>Telephone: (919) 755-0889<br>Facsimile: (866) 593-7695 |

*Attorneys for Defendants James S. Farrin, P.C.,d/b/a Law Offices of James Scott Farrin, James S. Farrin, Marcari, Russotto, Spencer & Balaban, P.C., Donald W. Marcari, Riddle & Brantley, L.L.P., Sean A. Cole, Wallace Pierce Law, PLLC, Jared Pierce, Van Laningham & Associates, PLLC d/b/a Bradley Law Group, R. Bradley Van Laningham, Lanier Law Group, P.A., Lisa Lanier, Crumley Roberts LLP, Chris Roberts, Hardee & Hardee, LLP, Charles Hardee, and G. Wayne Hardee*

34

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

J. David Stradley, Esq.
stradley@whiteandstradley.com
Robert P. Holmes, Esq.
rob@whiteandstradley.com
White & Stradley, PLLC

Harold C. Spears, Esq.
hspears@caudlespears.com
Christopher P. Raab, Esq.
craab@caudlespears.com
Caudle & Spears, P.A.

John A. Bussian
jbussian@aol.com
The Bussian Law Firm, PLLC

Charles F. Marshall
cmarshall@brookspierce.com
Brooks, Pierce, McLendon,
Humphrey & Leonard LLP

Reid C. Adams, Jr., Esq.
cadams@wcsr.com
Jonathan R. Reich, Esq.
jreich@wcsr.com
Womble Carlyle Sandridge
& Rice LLP

This the 13th day of October, 2017.

/s/ Matthew Nis Leerberg
Matthew Nis Leerberg
N.C. State Bar No. 23629
Matt.leerberg@smithmoorelaw.com

SMITH MOORE LEATHERWOOD LLP
434 Fayetteville Street, Suite 2800 (27601)
Post Office Box 27525
Raleigh, North Carolina 27611
Telephone: (919) 755-8700
Facsimile: (919) 755-8800

35