IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES WEAVER GAREY; WILLIAM PARKER GAREY; AARON KENT CRUTHIS; AMANDA DAVIS REILLY; ADILAH HANEEFAH-KHADI MCNEIL; CHARLOTTE MOFFAT CLEVENGER; ANDREW CHRISTOPHER CLEVENGER; and JUSTIN BRENT BLAKESLEE on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16CV542 |
| JAMES S. FARRIN, P.C. d/b/a LAW OFFICES OF JAMES SCOTT FARRIN; JAMES S. FARRIN; MARCARI, RUSSOTTO, SPENCER & BALABAN, P.C.; DONALD W. MARCARI; RIDDLE & BRANTLEY, L.L.P.; SEAN A. COLE; WALLACE PIERCE LAW, PLLC; JARED PIERCE; VAN LANINGHAM & ASSOCIATES, PLLC d/b/a BRADLEY LAW GROUP; R. BRADLEY VAN LANINGHAM; LANIER LAW GROUP, P.A.; LISA LANIER; CRUMLEY ROBERTS, LLP; CHRIS ROBERTS; HARDISON & COCHRAN, PLLC; BENJAMIN T. COCHRAN; TED A. GREVE & ASSOCIATES, P.A.; TED A. GREVE; LAW OFFICES OF MICHAEL A. DEMAYO, L.L.P.; MICHAEL A. DEMAYO; HARDEE & HARDEE, LLP; CHARLES HARDEE and G. WAYNE HARDEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs initiated this action alleging that the above-named Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq*. (ECF Nos. 1, 32.) Defendants subsequently filed three motions to dismiss Plaintiffs' First Amended Complaint,

(ECF Nos. 60, 62, 79), which were denied by this Court in its Memorandum Opinion and Order entered September 29, 2017 ("September 29 Order"), (ECF No. 93). The following motions are presently before the Court: (1) Motion to Certify Order for Interlocutory Appeal ("Motion to Certify"), filed by Defendants, (ECF No. 94); (2) Motion to Strike certain affirmative defenses, filed by Plaintiffs, (ECF No. 102); (3) Motion to Strike Reply Brief on Motion to Certify ("Motion to Strike Reply Brief"), filed by Plaintiffs, (ECF No. 104); and (4) Plaintiffs' Motion for Leave to File and Serve First Supplemental Complaint ("Motion for Leave"), (ECF No. 114). For the reasons set forth below, Defendants' Motion to Certify will be denied; Plaintiffs' Motion to Strike certain affirmative defenses will be denied; Plaintiffs' Motion to Strike Reply Brief will be denied; and Plaintiffs' Motion for Leave to File and Serve First Supplemental Complaint will be granted.[1]

## I. BACKGROUND

The Court incorporates by reference the factual background set forth in its September 29 Order, (ECF No. 93).

## II. MOTION TO STRIKE REPLY BRIEF ON MOTION TO CERTIFY

Before addressing the merits of Defendants' Motion to Certify, the Court will first address Plaintiffs' Motion to Strike Reply Brief. In support of this motion, Plaintiffs contend that Defendants' reply brief "violates Local Rule 7.3(h)" because it "is not limited to issues newly raised in Plaintiffs' response." (ECF No. 104 at 1.) The Court disagrees.

---

[1] Defendants have also filed a Motion for Reconsideration of the Court's Ruling on their Motion to Dismiss and Alternative Motion for Judgment on the Pleadings, (ECF No. 111). That motion is currently pending before the Court and will be addressed in a forthcoming Order.

2

Rule 7.3(h) of this Court's Local Rules provides that "[a] reply brief is limited to discussion of matters newly raised in the response." L.R. 7.3(h). "Members of this Court . . . have consistently held that '[r]eply briefs . . . may not inject new grounds . . . [and that an] argument [that] was not contained in the main brief . . . is not before the Court.'" *Tyndall v. Maynor*, 288 F.R.D. 103, 108 (M.D.N.C. 2013) (quoting *Triad Int'l Maint. Corp. v. Aim Aviation, Inc.*, 473 F. Supp. 2d 666, 670 n.1 (M.D.N.C. 2006)).

In their opposition brief on the Motion to Certify, Plaintiffs principally argue that Defendants' opening brief fails to include citations to any authority demonstrating substantial ground for difference of opinion. (ECF No. 99 at 2–8.) Plaintiffs also argue in their opposition brief that, even if the Court certifies issues from its September 29 Order for immediate appeal to the Fourth Circuit, the Court should not stay the case, in part, because "even after they were sued, at least some of the Defendants have continued sending the letters which Plaintiffs allege violate the DPPA." (*Id.* at 9.)

In response to these arguments by Plaintiffs, Defendants' reply brief includes a discussion of, and citations to, cases that Defendants contend show a split in authority on the issues on which they seek certification. (*See* ECF No. 101 at 3–10.) Defendants also argue in their reply brief that a stay, pending appellate review, is warranted because Defendants as well as other entities and industries in the Fourth Circuit who review accident reports need certainty as to whether their conduct violates the DPPA. (*Id.* at 10–11.) Despite Plaintiffs' contention that such arguments in Defendants' reply brief constitute newly raised issues, the Court finds that Defendants' reply brief properly responds to the issues raised in Plaintiffs' opposition brief. Accordingly, the Court, in its discretion, will decline to strike Defendants' Reply Brief

3

in support of Defendants' Motion to Certify. Plaintiffs' Motion to Strike Reply Brief will, therefore, be denied.

### III. MOTION TO CERTIFY

Defendants "move the Court to certify for appeal its Order denying Defendants' [m]otions to [d]ismiss . . . entered September 29, 2017." (ECF No. 94 at 1.) Defendants argue that the September 29 Order "rests on three controlling questions of law[2] about which there is substantial ground for difference of opinion," and further, "[a]n immediate appeal from the Order may materially advance the ultimate termination" of this case. (*Id.* at 1, 3.) Plaintiffs argue, in response, that the motion should be denied because Defendants have failed to show that there is substantial ground for disagreement as to a controlling question of law. (ECF No. 99 at 3–8.)

Under 28 U.S.C. § 1292(b), an order may be certified for interlocutory appeal in instances where the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Flame S.A. v. Freight Bulk Pte. Ltd.*, 762 F.3d 352, 356 n.5 (4th Cir. 2014). The Fourth Circuit has cautioned that Section 1292(b) "should be used sparingly and thus . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Accordingly, if any requirement is not satisfied, certification is inappropriate.

---

[2] The Court declines to adopt Defendants' characterization of the "controlling questions of law" in the Court's September 29 Order. The Order speaks for itself.

4

*In re Charlotte Commercial Grp., Inc.*, No. 01-52684C-11W, 2003 WL 1790882, at *2 (M.D.N.C. Mar. 13, 2003).

Importantly, as explained by the Fourth Circuit, "[t]he immediate appeal of a certified question is an extraordinary remedy" that is "not to be granted lightly." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (per curiam). Rather, it is reserved for "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* (citation omitted). Thus, even in instances where all requirements for certification are satisfied, "the district court has unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (internal quotation omitted). The party seeking certification bears the burden of persuading the court that exceptional circumstances exist. *Fannin*, at *2.

Here, despite Defendants' arguments, the Court is not persuaded that there is substantial ground for difference of opinion as to controlling questions of law to warrant certification of the September 29 Order. "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013) (citation omitted). Further, "just any simple disagreement between courts will not merit certification." *Cooke-Bates v. Bayer Corp.*, No. 3:10cv261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010). A substantial ground for disagreement may arise if there is a "novel and difficult issue of first impression," or if there is a circuit split and the controlling circuit has not commented on the conflicting issue. *Id.* The mere fact, however, that an issue is one of first impression or that there is a lack of

unanimity among courts is insufficient to satisfy this prong. *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010). Moreover, differences in opinion among district courts outside the governing circuit do not mandate a finding that there is substantial ground for difference of opinion. *See Cross v. Suffolk City Sch. Bd.*, No. 2:11cv88, 2011 WL 2838180, at *3 n.1 (E.D. Va. July 14, 2011) (concluding that cases from district courts outside the Fourth Circuit "do not persuade th[e] court that there is a substantial ground for difference of opinion").

Indeed, Defendants have cited to a number of cases (including cases provided to the Court as suggestions of subsequently decided authority),³ in support of their argument that there is substantial ground for difference of opinion as to the issues as framed by Defendants, namely: (1) "Do Plaintiffs have standing to assert a claim against Defendants?"; (2) "Can Defendants be liable for obtaining, using, or disclosing formerly private information that had already been made public by law enforcement?"; and (3) "Can Defendants be liable for obtaining, using, or disclosing information that did not come directly from a motor vehicle record?" (ECF No. 95 at 3.) The vast majority of these cases, however, are from courts outside this jurisdiction and thus, "do not persuade th[e] [C]ourt that there is substantial

---

³ Cases cited by Defendants in their briefing on the instant motion include: *Fontanez v. Skepple*, 563 F. App'x 847 (2d Cir. 2014); *Murray v. Marchbanks*, No. 4:16-cv-198 SNLJ, 2017 WL 2964015 (E.D. Mo. June 19, 2017); *Potocnik v. Carlson*, No. 13-CV-2093, 2016 WL 3919950 (D. Minn. July 15, 2016); *Pavone v. Law Offices of Anthony Mancini, Ltd.*, 118 F. Supp. 3d 1004 (N.D. Ill. 2015); *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 10-1001-GMS, 2012 WL 426018 (D. Del. Feb. 9, 2012), *aff'd*, No. 12-1654 (3d Cir. Oct. 24, 2012); *Ocasio v. Riverbay Corp.*, No. 06 Civ. 6455, 2007 1771770 (S.D.N.Y. June 19, 2007); *Figueroa v. Taylor*, No. 06 Civ. 3676 PACKNF, 2006 WL 3022966 (S.D.N.Y. Oct. 23, 2006); *Luparello v. Incorporated Village of Garden City*, 290 F. Supp. 2d 341 (E.D.N.Y. 2003); *O'Brien v. Quad Six, Inc.*, 219 F. Supp. 2d 933 (N.D. Ill. 2002); *Mattivi v. Russell*, No. CIV.A. 01-WM-533(BNB), 2002 WL 31949898 (D. Colo. Aug. 2, 2002); *Ark. State Police v. Wren*, 491 S.W.3d 124 (Ark. 2016). (ECF No. 94 at 1–2; ECF No. 101 at 4–6.)

6

ground for difference of opinion" so as to warrant certification of the Court's September 29 Order.

The only cases cited by Defendants from within our governing circuit address the issues of standing and the scope of liability under the DPPA. With respect to standing, the mandatory authority cited by Defendants include *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as well as three recent Fourth Circuit opinions: *Trapp v. SunTrust Bank*, 699 F. App'x 144 (4th Cir. 2017) (per curiam); *Dreher v. Experian Info Sols., Inc.*, 856 F.3d 337 (4th Cir. 2017); and *Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017). In citing these cases, Defendants argue that the proper inquiry is whether Plaintiffs have alleged a concrete injury such that they have standing under Article III of the Constitution. (ECF No. 101 at 9.)

The Court finds no grounds for difference of opinion with respect to the issue of standing. In *Spokeo*, *Trapp*, *Dreher*, and *Beck*, the Supreme Court and the Fourth Circuit reiterated that in order to establish the first element of Article III standing, a plaintiff must plausibly allege a concrete injury.[4] *See Spokeo*, 136 S. Ct. at 1547–49; *Trapp*, 699 F. App'x at 145; *Dreher*, 856 F.3d at 344–47; *Beck*, 848 F.3d at 270–71. Likewise, this Court, in its September 29 Order discussed that a concrete injury must actually exist in order for Plaintiffs to have Article III standing. (ECF No. 93 at 6–15.) For the reasons discussed in the Court's September 29 Order, the Court concluded that Plaintiffs had plausibly alleged concrete injuries sufficient to establish Article III standing. (*Id.*) While it is clear that Defendants disagree with

---

[4] Article III standing also requires a plaintiff to plausibly allege that his injury "is fairly traceable" to defendant's challenged conduct, and that his injury "is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. As the Court noted in its September 29 Order, these "remaining two elements of the standing analysis [were] not in dispute." (ECF No. 93 at 15.)

7

the Court's application of standing law to the allegations in this case, a party's disagreement with the Court is not enough to support certification. *See Cooke-Bates*, 2010 WL 4789838, at *2 ("An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling question of law.").

With respect to the scope of liability under the DPPA, Defendants cite to the following Supreme Court cases: *Reno v. Condon*, 528 U.S. 141 (2000) and *Fla. Star v. B.J.F.*, 491 U.S. 524 (1989). Defendants argue that these cases demonstrate a conflict between Supreme Court decisions and the Court's analysis as to whether Defendants' alleged conduct could subject them to liability under the DPPA. (*See* ECF No. 101 at 2–8.) The Court is not persuaded that such a conflict exists given that: (i) in *Reno*, while the Court discusses that State DMVs and private persons who have obtained personal information from a State DMV are subject to the DPPA's provisions, 528 U.S. at 146, the Court's holding does not go as far as Defendants suggest to limit liability *solely* to those two categories of parties; and (ii) in *Fla. Star*, the Supreme Court addressed the narrow question of whether imposing liability on a newspaper for its publication of a victim's personal information, obtained from a publicly released police report, violated the First Amendment, 491 U.S. at 526, 530–41.

Nor is the Court persuaded that an interlocutory appeal will materially advance the ultimate termination of this litigation. An interlocutory appeal would likely impede, rather than expedite, the progress of this case, thereby potentially prolonging its disposition, creating more litigation and expense, and causing an inefficient use of judicial resources. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *see also Big Rock Sports, LLC v. AcuSport Corp.*, No. 4:08-CV-159-F, 2011 WL 579095, at *2 (E.D.N.C. Feb. 9, 2011) (stating

that "a district court must keep in mind the strong congressional policy against . . . obstructing or impeding an ongoing judicial proceeding by interlocutory appeals" (internal quotation marks omitted)). In addition, a complete factual record developed during the course of litigation will "greatly enhance the ultimate review of all issues in the Court of Appeals." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 910 (E.D. Va. 2005).

Further, even if the requirements of section 1292(b) had been satisfied, Defendants have failed to show that there are "exceptional circumstances" to justify certification of the September 29 Order. *Manion*, 966 F. Supp. 2d at 567. Accordingly, this Court is not persuaded that this case presents an exception to the general rule that "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993). In light of the above, the Court declines, in its discretion, to certify its September 29 Order for interlocutory appeal, and Defendants' motion will be denied.

### IV. MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

Plaintiffs move to strike certain affirmative defenses from Defendants' Answers. Plaintiffs argue that certain affirmative defenses asserted by Defendants are "legally insufficient" while others "merely restate legal arguments that the Court rejected in ruling on the Defendants' Motion to Dismiss." (ECF No. 102 at 1–4.) In particular, Plaintiffs move to strike the following affirmative defenses from the Farrin Defendants'[5] Answer:

---

[5] The Farrin Defendants include the following Defendants: James S. Farrin, P.C., d/b/a Law Offices of James Scott Farrin, Marcari, Russotto, Spencer & Balaban, P.C., Riddle & Brantley, LLP, Wallace Pierce Law, PLLC, Van Laningham & Associates, PLLC, Lanier Law Group, P.A., Crumley Roberts,

9

(i) First Defense (Failure to State a Claim);

(ii) Third Defense (First Amendment);

(iii) Fourth Defense (Plaintiffs' Information Not Protected Personal Information Under the DPPA);

(iv) Fifth Defense (Public Records);

(v) Sixth Defense (Prior Disclosure by a Third Party);

(vi) Seventh Defense (Failure to Join a Necessary Party);

(vii) Eighth Defense (Rule of Lenity);

(viii) Thirteenth Defense (Fair Report Privilege);

(ix) Fourteenth Defense (Lack of Actual Damages); and

(x) Eighteenth Defense (Lack of Actual Damages).

(ECF No. 102 at 2, 3.) Plaintiffs also seek to strike the following affirmative defenses from the DeMayo Defendants'[6] Answer:

(i) First Defense (Consolidated First Amendment Defense);

(ii) Second Defense (Constitutional Avoidance);

(iii) Fourth Defense (Rule of Lenity);

(iv) Fifth Defense (Accident reports are not "motor vehicle records" under the DPPA);

(v) Sixth Defense (Failure to State a Claim); and

---

LLP, Hardee & Hardee, LLP, James S. Farrin, Donald W. Marcari, Sean A. Cole, Jared Pierce, R. Bradley Van Laningham, Lisa Lanier, Chris Roberts, Charles Hardee, and G. Wayne Hardee. (ECF No. 97.)

[6] The DeMayo Defendants include the following Defendants: Michael A. DeMayo, the Law Offices of Michael A. DeMayo, Hardison & Cochran, PLLC, Benjamin T. Cochran, Ted A. Greve & Associates, P.A., and Ted A. Greve. (*See* ECF No. 96 at 2.)

  (vi)  Ninth Defense (Exception to DPPA under 18 U.S.C. § 271(b)(1));

  (vii)  Tenth Defense (Exception to DPPA under 18 U.S.C. § 271(b)(14));

  (viii)  Eleventh Defense (Lack of Damages)

  (ix)  Twelfth Defense (Public Records);

  (x)  Thirteenth Defense (Failure to Join a Necessary Party); and

  (xi)  Seventeenth Defense (Good Faith).

(*Id.* at 2–3, 4.)

  In responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it." Fed R. Civ. P. 8(b)(1). A responding party must also "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). However, under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Although courts have broad discretion in disposing of motions to strike,[7] the Fourth Circuit has recognized that such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic," *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted); *see Brown v. Inst. for Family Centered Servs., Inc.,* 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations."). Accordingly, in considering a Rule 12(f) motion to strike, the Court reviews "the

---

[7] *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 246 (4th Cir. 2007).

pleading under attack in a light most favorable to the pleader." *Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013).

While a party's affirmative defense must state more than a bare-bones conclusory allegation, *Sedgewick Homes, LLC v. Stillwater Homes, Inc.*, No. 5:16-CV-00049-RLV-DCK, 2016 WL 4499313, at *2 (W.D.N.C. Aug. 25, 2016), the Fourth Circuit has stated that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (per curiam) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (2d ed. 1990)). Further, a "matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C.,* 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001) (quoting *Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co.,* 254 F.2d 569, 572 (5th Cir. 1958)).

The Court's review of the affirmative defenses subject to the instant motion to strike reveals that the Defendants have provided adequate notice to the Plaintiffs of the nature of each defense at issue. Further, the Court's September 29 Order notwithstanding, at this early stage of the litigation in which discovery has not yet commenced, the Court is not convinced that there are no set of circumstances under which the affirmative defenses at issue could succeed at trial. *See Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) ("Before granting a motion to strike, a court must be convinced that 'there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" (quoting *B.A. Mortg. & Int'l Realty v. Am. Nat'l Bank*, 706 F. Supp. 1364,

1375–76 (N.D. Ill. 1989)). Indeed, with respect to Defendants' First Amendment affirmative defenses, as this Court acknowledged in its September 29 Order,

> [a]t this stage, Plaintiffs' allegations, taken as true, plausibly allege unlawful activity that is not protected under the First Amendment. . . . *While the issue of whether Defendants have, in fact, engaged in such unlawful conduct is to be borne out on a more developed record*, given the current posture of the case, Defendants' motion to dismiss on this ground will be denied.

(ECF No. 93 at 23 (citation omitted) (emphasis added).)

Finally, "to prevail on a motion to strike, the movant must demonstrate prejudice." *Sedgewick Homes, LLC*, 2016 WL 4499313, at *2; *see Clark*, 152 F.R.D. at 70 ("Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in the absence of a showing of prejudice to the moving party." (internal quotation marks omitted)). Here, Plaintiffs have made no such showing. The Court will, therefore, deny Plaintiffs' Motion to Strike Defendants' affirmative defenses outlined above.

## V. MOTION FOR LEAVE TO FILE AND SERVE FIRST SUPPLMENTAL COMPLAINT ("MOTION FOR LEAVE")

Plaintiffs seek leave to file and serve a Supplemental Complaint which includes additional claims against Defendant Lisa Lanier, and alleges claims against a new party, Katherine E. Andrews-Lanier. (ECF No. 114.)

Under Rule 15(d), a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may, therefore, supplement its complaint, under Rule 15(d), to assert separate or additional claims against an existing party, so long as some relationship exists between the original action and the supplemental claims. *See Rowe v.*

*U.S. Fidelity & Guaranty Co.*, 421 F.2d 937, 943 (4th Cir. 1970). A party may also supplement its complaint "to include new parties when events make it necessary to do so." 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed).

"[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where 'good reason exists[,] . . . such as prejudice to the defendants.'" *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). As observed by the Fourth Circuit, Rule 15(d) motions are "[s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as a matter of course, unless some particular reason for disallowing them appears." *New Amsterdam Cas. Co. v Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963).

In this case, the proposed Supplemental Complaint contains additional state law claims against Defendant Lisa Lanier[8] for allegedly violating North Carolina's Uniform Voidable Transactions Act ("UVTA"), N.C. Gen. Stat. §§ 39-23.1 *et seq.* (*See* ECF No. 114 at 3; ECF No. 114-1.) Plaintiffs' additional claims are based on the alleged transfers of real property from the sole ownership of Defendant Lisa Lanier to the ownership of Defendant Lisa Lanier and her spouse, Katherine E. Andrews-Lanier, as tenants by the entirety. (*See* ECF No. 114 at 3; ECF No. 114-1 ¶ 179.) Plaintiffs contend in the proposed Supplemental Complaint that

---

[8] Plaintiffs' Motion for Leave originally included UVTA claims alleging the transfer of real property from the sole ownership of Defendant G. Wayne Hardee to the ownership of G. Wayne Hardee and his spouse, Heather Hale Hardee, as tenants by the entirety. (ECF No. 114-1 ¶¶ 159–60, 191-210, 217–23; *id.* at 17.) Plaintiffs subsequently filed a Withdrawal of Some Allegations in Motion for Leave to File and Serve First Supplemental Complaint, in which Plaintiffs withdrew all claims and allegations in the proposed Supplemental Complaint against Defendant G. Wayne Hardee and Heather Hale Hardee. (*See* ECF No. 119.)

14

such transfers were made "with the intent to hinder or delay[ ] Plaintiffs as future creditors." (ECF No. 114-1 ¶ 213.) According to the supplemental allegations, the transfers occurred after the filing of the Amended Complaint naming Lisa Lanier as an individual defendant. (*Id.* ¶ 151.) The proposed Supplemental Complaint further seeks to add Katherine Andrews-Lanier as a defendant in this action. (*See* ECF No. 114 at 3; ECF No. 114-1 ¶ 156.)

Defendants make a number of arguments in opposition to Plaintiffs' Motion for Leave which appear to attack the accuracy and sufficiency of the allegations contained in Plaintiffs' proposed supplementation. (*See* ECF No. 120.) At this stage, however, the Court's determination is limited to whether, on its face, the proposed supplementation is prejudicial, futile, or demonstrates bad faith. *See Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) (explaining that on a motion to amend a pleading, "the substantive merits of a proposed claim are typically best left for later resolution, *e.g.,* under motions to dismiss or for summary judgment under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56, respectively, or for resolution at trial." (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Accordingly, applying the liberal standards of Rule 15(a) to Plaintiffs' motion under Rule 15(d), the Court concludes that Plaintiffs' proposed Supplemental Complaint is not prejudicial because this litigation has not yet advanced beyond the motion-to-dismiss stage and discovery has not yet commenced. Further, upon service of the Supplemental Complaint, Defendant Lisa Lanier and Ms. Katherine Andrews-Lanier will have an opportunity to assert any applicable defenses or otherwise challenge the legal sufficiency of the claims in the supplemental pleading. The Court also concludes that the proposed supplementation does not demonstrate bad faith. *See GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381

15

(M.D.N.C. 1988) (describing an amendment made in bad faith as one which "may be abusive or made in order to secure some ulterior tactical advantage."). Finally, the Court finds that the proposed supplementation is not clearly insufficient or frivolous on its face and thus, is not futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). The Court will, therefore, grant Plaintiffs' request for leave to file a Supplemental Complaint.

## VI. CONCLUSION

Based on the above, the Court concludes that Defendants' Motion to Certify will be denied because Defendants have failed to satisfy the requirements for certification under 28 U.S.C. § 1292(b). The Court further concludes that Plaintiffs' Motion to Strike Reply brief and Plaintiffs' Motion to Strike certain affirmative defenses will likewise be denied.

Finally, the Court concludes that Plaintiffs' proposed Supplemental Complaint is not prejudicial, does not demonstrate bad faith, and does not appear futile. The Court will, therefore, grant Plaintiffs' Motion for Leave, and Plaintiff shall file and serve the Supplemental Complaint within 14 days of the entry of this Order.

For the reasons stated herein, the Court enters the following:

**[ORDER FOLLOWS ON NEXT PAGE]**

**ORDER**

IT IS THEREFORE ORDERED that Defendants' Motion to Certify, (ECF No. 94), is DENIED. Further, Defendants' request for a stay of this matter pending disposition of the instant Motion to Certify is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike certain affirmative defenses, (ECF No. 102), is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Reply Brief, (ECF No. 104), is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File and Serve First Supplemental Complaint, (ECF No. 114), is GRANTED and Plaintiff is instructed to file and serve the Supplemental Complaint within 14 days of the entry of this Order.

This, the 29th day of September, 2018.

/s/ Loretta C. Biggs
United States District Judge