IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM PARKER GAREY; AARON KENT CRUTHIS; ADILAH HANEEFAH-KHADI MCNEIL; CHARLOTTE MOFFAT CLEVENGER; JUSTIN BRENT BLAKESLEE; and BELINDA LEE STEINMETZ on behalf of themselves and others similarly situated, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | 1:16CV542 |
| JAMES S. FARRIN, P.C. d/b/a LAW OFFICES OF JAMES SCOTT FARRIN; JAMES S. FARRIN; MARCARI, RUSSOTTO, SPENCER & BALABAN, P.C.; DONALD W. MARCARI; RIDDLE & BRANTLEY, L.L.P.; SEAN A. COLE; WALLACE PIERCE LAW, P.L.L.C.; JARED PIERCE; VAN LANINGHAM & ASSOCIATES, PLLC d/b/a BRADLEY LAW GROUP; R. BRADLEY VAN LANINGHAM; LANIER LAW GROUP, P.A.; LISA LANIER; CRUMLEY ROBERTS, LLP.; CHRIS ROBERTS; HARDISON & COCHRAN, P.L.L.C.; BENJAMIN T. COCHRAN; TED A. GREVE & ASSOCIATES, P.A.; TED A. GREVE; LAW OFFICES OF MICHAEL A. DEMAYO, L.L.P.; MICHAEL A. DEMAYO; HARDEE & HARDEE, LLP; CHARLES HARDEE; G. WAYNE HARDEE; and KATHERINE E. ANDREWS-LANIER, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs bring this action alleging that the above-named Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.* (ECF No. 180.) Pursuant to the protective order entered in this case, (ECF No. 183), the parties and others seek to

partially seal several documents filed in connection with Plaintiffs' motion for class certification, (ECF No. 184). A total of three motions are before the Court:

- Several of the Defendants[1] (the "Fox Defendants") move to seal portions of Exhibit Q, (ECF No. 206-18), attached to their brief in opposition to class certification. (*See* ECF No. 207.)

- Plaintiffs move to seal portions of Exhibit 16, (ECF No. 220-16), attached to their reply brief in support of class certification. (*See* ECF No. 217.)

- Third Party Kevin Creech likewise moves to seal portions of Exhibit 16, (ECF No. 220-16), attached to Plaintiffs' reply brief in support of class certification. (*See* ECF No. 224.)

"[T]he courts of this country recognize a general right to inspect . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of public access "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). However, "[w]hile the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted). Thus, in any given case, some documents will "fall within the common law presumption of access," others will be "subject to the greater right of access provided by the First Amendment," and some "may not qualify as 'judicial records' at all." *See United States v. Moussaoui*, 65 Fed. App'x 881, 889 (4th Cir. 2003).

---

[1] Defendants James S. Farrin, P.C. d/b/a Law Offices of James Scott Farrin; James S. Farrin; Marcari, Russotto, Spencer & Balaban, P.C.; Donald W. Marcari; Riddle & Brantley, L.L.P.; Sean A. Cole; Wallace Pierce Law, PLLC; Jared Pierce; Van Laningham & Associates, PLLC d/b/a Bradley Law Group; R. Bradley Van Laningham; Lanier Law Group, P.A.; Lisa Lanier; Crumley Roberts, LLP; Chris Roberts; Hardee & Hardee LLP; Charles Hardee; and G. Wayne Hardee.

In weighing the instant motions to seal, the Court must first determine the source of the public right of access, if any, applicable to the documents at issue. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). As this Court has previously explained, "[t]here does not appear to be a First Amendment right of access" to briefs and exhibits filed in connection with a motion for class certification. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013). Nevertheless, as "documents filed with the court that play a role in the adjudicative process," briefs and exhibits filed in connection with a motion for class certification are considered "judicial records" to which the common-law presumption of access attaches. *See id.* at 727–29 (citing *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013)).

The common-law presumption of access may be overcome when "there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *In re Application*, 707 F.3d at 293 (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003)). The burden of establishing such a countervailing interest rests with the party (or parties) seeking to keep the information sealed. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In considering whether a party has met its burden, the Court must "weigh the appropriate competing interests" utilizing the following procedure: first, it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; second, it must consider less drastic alternatives to sealing; and third, if it decides to seal it must state the reasons for its decision and the reasons for rejecting alternatives to sealing. *See Va. Dep't of State Police*, 386 F.3d at 576.

In the instant case, public notice of the requests to seal was first given in December 2019 and January 2020 when the parties and Mr. Creech filed their motions to seal and

3

accompanying briefs. (*See* ECF Nos. 207; 217; 224.) No objections have been raised since that time. Furthermore, the Court finds that the parties have narrowly tailored their proposed redactions to allow for public access to the vast majority of the filings—a less drastic alternative to sealing the documents in their entireties.

Turning to the substance of the requests: Defendants and Mr. Creech assert that the documents at issue contain "highly sensitive" business-practice and financial information which, if disclosed, "could be used against them by competitors." (ECF Nos. 208 at 5–6; 225 at 3.) The public retains a strong interest in transparency when a court is considering whether or not to certify a class. *See Cochran*, 931 F. Supp. 2d at 730 ("Because lawsuits filed on behalf of a class potentially affect the rights of persons who are not parties to the case, transparency has heightened value in class actions."). However, the common-law right of inspection is not absolute, and courts may act to ensure that their records are not used "as sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598; *Doe*, 749 F.3d at 269 (recognizing that a firm "may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records"); *Sims v. BB&T Corp.*, 1:15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018) (noting that "[b]usiness information that might harm a litigant's competitive standing may be a sufficient interest to overcome [even] the First Amendment right of access" (quotations omitted)). As explained below, the Court has reviewed those documents flagged as containing sensitive business and financial information and concludes that each should be sealed in the manner the movants request.

The Fox Defendants contend that "the class proposed for certification by the Plaintiffs would subject [them] to an annihilating liability that is an impermissible aggregation of

4

statutory-damage awards." (*See* ECF No. 208 at 3.) In support of this argument, they offer the declarations of Charles R. Hardee, Christopher H. Roberts, Donald Marcari, G. Wayne Hardee, Gene A. Riddle, James Scott Farrin, Jared W. Pierce, Lisa Lanier, Sean A. Cole, and R. Bradley Van Laningham—filed together as Exhibit Q attached to their brief in opposition to class certification—which contain sensitive financial information related to the Fox Defendants' assets. (*See* ECF No. 206-18.) The publicly filed versions of those declarations redact a very small subset of this information—just a few numbers in each declaration. (*See id.* at 6–7, 15–16, 21–23, 28–30, 35, 42, 44, 50, 52, 59–60, 66, 72–73.) Having reviewed the unreacted version of Exhibit Q under seal, the Court agrees with the Fox Defendants that their interests "in protecting this information greatly outweigh the public's negligible interest in accessing confidential information relating to their private financ[es]." (ECF No. 208 at 6.) Accordingly, the Fox Defendants' motion to partially seal Exhibit Q will be granted.

Likewise, Mr. Creech has demonstrated that the partial sealing of his affidavit—Plaintiffs' Exhibit 16—and the redacting of references to the information contained therein, is warranted. At the time his affidavit was filed, Mr. Creech was president of Digital Solutions of The Carolinas, Inc. ("Digital Solutions"), a data-mining company that collected and sold information from accident reports to Defendants. (ECF Nos. 220-16 ¶¶ 1–3; 225 at 2). The four redacted paragraphs of Mr. Creech's affidavit describe "the specific ways Digital Solutions gets copies of the accident reports, the specific data points that Digital Solutions extracts from the accident reports, and how Digital Solutions compiles and filters that information for [its] clients." (ECF No. 225 at 3.) The Court recognizes Mr. Creech's significant interest in maintaining the confidentiality of these processes and does not see an overriding need for

public disclosure. *See Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 415 (M.D.N.C. 1991) ("[S]trategies, techniques, goals and plans, can be the lifeblood of a business.").

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that the Fox Defendants' Motion to Seal, (ECF No. 207), Plaintiffs' Motion to Seal, (ECF No. 217), and Third Party Kevin Creech's Motion to Seal, (ECF No. 224) are GRANTED.

This, the 6th day of April 2020.

/s/Loretta C. Biggs
United States District Judge